## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re<br><br>ALLISION, FREDERICK S.<br><br>         Debtor.<br><br>NAMASTE JUDGMENT ENFORCEMENT, LLC,<br>         Plaintiff,<br>v.<br><br>FREDERICK S. ALLISON,<br>Chapter 7 Debtor,<br>         Defendant. | Case No. 20-13919-MER<br>Chapter 7<br><br><br><br>Adversary Proceeding No.<br>_____ |

## COMPLAINT

Namaste Judgment Enforcement, LCC ("Namaste" or "Plaintiff"), by and through its counsel Castle, Lantz, Maricle, LLC, for its Complaint against Frederick S. Allison ("Debtor" or "Defendant"), states as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 (b) and (e).

2. Debtor filed for bankruptcy relief under Chapter 7 of the United States Bankruptcy Code ("Code") on or about June 7, 2020 in the case styled: *In re Frederick S. Allison*, Case No. 20-13919-MER.

3. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

4. Venue in this district is proper under 28 U.S.C. § 1409(a).

5. This adversary proceeding is commenced pursuant to Fed. R. Bankr.P. 7001(6).

## INTRODUCTION TO PARTIES AND STATEMENT OF STANDING

6. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on or about June 6, 2020 (the "Petition Date").

7. Namaste is a creditor whose claim arose prepetition.

8. Plaintiff's standing is conferred upon it as a creditor in the bankruptcy and pursuant to Fed. R. Bankr. P. 4007(a).

## GENERAL ALLEGATIONS

9. In or around 2002, Debtor worked for New Frontier Bank (the "Bank"), as a lending officer.

10. Plaintiff had money in the Bank and owned stock in the Bank.

11. In June 2002, Leo Beeman ("Beeman"), the assignor of the underlying debt/judgment in question to Namaste, deposited $67,689.15 in the Bank for a certificate of deposit ("CD").

12. On September 26, 2002, the Bank granted Beeman a loan in the amount of $54,000.00 and identified by the Bank as loan number 126631-01 (the "Loan"). Debtor fraudulently executed Beeman's name on the Loan documents. Beeman had no knowledge of the Loan and did not receive any proceeds from the Loan.

13. Also on September 26, 2002, Debtor fraudulently executed a cashier's check issued to CDX Investments for $54,000, again forging Beeman's signature.

14. Debtor obtained a private loan from Beeman using the CD, property that Debtor did not own, as collateral.

15. On or about September 16, 2003, the Federal Bureau of Investigation ("FBI") learned of the Debtor's behavior.

2

16. On September 16, 2003, Beeman granted the Bank the authority to share Beeman's bank records with the FBI.

17. On or about April 27, 2004, Beeman sued Debtor for fraud, deceit, and civil conspiracy (the "Beeman Lawsuit"). A true and correct copy of the Complaint filed in the Beeman Lawsuit is attached hereto as Exhibit 1, and is incorporated herein by reference. On June 25, 2004, Beeman was granted a judgment in the Beeman Lawsuit in the amount of $285,600.00 (the "Judgment").

18. The Transcript of Judgment was recorded in Larimer County, Colorado on or about July 1, 2004. A true and correct copy of the Transcript of Judgment is attached hereto as Exhibit 2, and is incorporated herein by reference.

19. On or about June 8, 2005, Debtor was arrested and charged with fraud, deceit, and civil conspiracy premised on similar if not identical claims alleged in the Beeman Lawsuit, in the case styled: 2005CR000701 for the claims involved in the Beeman lawsuit.

20. On October 8, 2005, Debtor pled guilty to felony theft for the claims alleged in the Beeman Lawsuit.

21. On or about July 27, 2018, Beeman assigned the Judgment to Namaste. A true and correct copy of the Assignment of Judgment is attached hereto as Exhibit 3 and is incorporated herein by reference.

**22.** On August 26, 2020, the Judgment was revived by the Larimer County District Court which entered an order stating that the Judgment plus interest, totaling $912,831.81, may be enforced and made a lien (the "Revived Judgment"). A true and correct copy of the Order for Revival of Judgment is attached hereto as Exhibit 4, and is incorporated herein by reference.

## FIRST CLAIM FOR RELIEF
(Proceeding to Determine the Dischargeability of a Debt Pursuant to
11 U.S.C. §523(a)(2)(A) – Money, Property, Services, or an Extension, Renewal, or
Refinancing of Credit, to the Extent Obtained by False Pretenses, a False Representation,
or Actual Fraud, Other than a Statement Respecting the Debtor's
or an Insider's Financial Condition)

23. The Plaintiff incorporates by this reference the statements and allegations contained in paragraphs 1 through 22 as though more fully set forth herein.

24. Pursuant to 11 U.S.C. § 523(a)(2) "[a] discharge under section 727 … does not discharge an individual debtor from any debt (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insiders financial condition...."

25. Namaste is a judgment creditor of the Debtor and holds a Judgment premised on the fraud of the Debtor.

26. Debtor forged Beeman's signature to obtain funds and Beeman received the Judgment against Debtor for such actual fraud.

27. The Judgment was for money obtained by false pretenses, a false representation, and actual fraud.

**WHEREFORE,** Plaintiff prays for entry of an Order finding and concluding as a matter of law Namaste's debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and for such other and further relief as may be just and appropriate under the circumstances.

## SECOND CLAIM FOR RELIEF
(Proceeding to Determine the Dischargeability of a Debt Pursuant to
11 U.S.C. §523(a)(2)(B) - Use of a Statement in Writing)

28. The Plaintiff incorporates by this reference the statements and allegations contained

4

in paragraphs 1 through 27 as though more fully set forth herein.

29. Pursuant to 11 U.S.C. § 523(a)(2)  "[a] discharge under section 727 … does not discharge an individual debtor from any debt (2) for money, property, services, or an extension, renewal, or refinancing of credit,  to the extent obtained by (B) use of a statement in writing – that (i) is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor cause to be made or published with intent to deceive…."

30. Debtor's debt arose from use of a statement in writing that was materially false, as Debtor executed false Loan documents to obtain funds, which led to the Judgment.

**WHEREFORE,** Plaintiff prays for entry of an Order finding and concluding as a matter of law Namaste's debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B), and for such other and further relief as is just and appropriate under the circumstances.

### THIRD CLAIM FOR RELIEF
**(Proceeding to Determine the Dischargeability of a Debt Pursuant to 11 U.S.C. §523(a)(4) – Fraud or Defalcation while acting in a Fiduciary Capacity, Embezzlement, or Larceny)**

31. The Plaintiff incorporates by this reference the statements and allegations contained in paragraphs 1 through 30 as though more fully set forth herein.

32. Pursuant to 11 U.S.C. § 523(a) "[a] discharge under section 727 …does not discharge an individual debtor from any debt… (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

33. Plaintiff's claim arose from the fraudulent actions of the Defendant while he was acting in a fiduciary capacity, because Debtor stole funds while working as a lending officer at the Bank where Beeman banked.

34. Debtor's actions further constitute larceny and embezzlement even in the absence

of a fiduciary capacity, because Colorado law defines theft as incorporating other crimes such as larceny, embezzlement, and false pretenses. *See, e.g.*, C.R.S. §§ 184-401, 14-4-403.

**WHEREFORE,** Plaintiff prays for entry of an Order finding and concluding as a matter of law Namaste's debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(4), and for such other and further relief as is just and appropriate under the circumstances.

### FOURTH CLAIM FOR RELIEF
**(Proceeding to Determine the Dischargeability of a Debt Pursuant to 11 U.S.C. §523(a)(6) – Willful and Malicious Injury by Debtor to Another Entity or to the Property of Another Entity)**

35. The Plaintiff incorporates by this reference the statements and allegations contained in paragraphs 1 through 34 as though more fully set forth herein.

36. Pursuant to 11 U.S.C. §523(a) "[a] discharge under section 727…does not discharge an individual debtor from any debt… (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

37. Plaintiff's claim against Debtor arose due to willful and malicious injury by the Debtor to an entity, Beeman, because Debtor had the willful and malicious intention to steal from Beeman by forging Beeman's signature on the Loan documents and in fact did steal money from Beeman with such malicious intent by forging Beeman's signature on the Loan documents.

38. Beeman's claim arose from deliberate and intentional injury founded on fraudulent actions intending the outcome of depriving the Beeman of his property or that Debtor desired to cause injury or believed the injury was substantially certain to occur.

39. The Debtor desired to cause the consequences of his act or believed that the consequences were substantially certain to result from it.

**WHEREFORE,** Plaintiff prays for entry of an Order finding and concluding as a matter

of law that (a) Namaste's debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(6), and for such other and further relief as is just and appropriate under the circumstances.

DATED this 8th day of September, 2020.

Respectfully submitted,

CASTLE, LANTZ, MARICLE, LLC

*/s/ Jennifer C. Rogers*
Jennifer C. Rogers, #34682
Robert D. Lantz, #30825
Gabriele R. Fougner, #54901
4100 E. Mississippi Avenue, Ste. 410
Denver, Colorado 80246
Tel:     (720) 613.1380
Email:  jrogers@clmatty.com
            rlantz@clmatty.com
            gfougner@clmatty.com
*Attorneys for the Plaintiff*
