05/06/04 THU 16:14 FAX 970 339 5200 NEW FRONTIER BANK ☒004

COPY

| | |
|---|---|
| Larimer County District Court<br>201 LaPorte Avenue<br>Fort Collins, CO 80521<br>(970) 498-6100 | FILED IN DISTRICT COURT<br>LARIMER COUNTY, CO<br>04 APR 27 PM 2:32 |
| LEO BEEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>FREDERICK S. ALLISON, RICKY BOWMAN,<br>and NEW FRONTIER BANK, a Colorado<br>banking organization,<br><br>Defendants. | ○ COURT USE ONLY ○<br><br>Case Number: 04CV000663<br><br>Division   Crt Rm |
| Randall M. Willard<br>Willard & Pharris, P.C.<br>315 W. Oak Street, Suite 501<br>Fort Collins, CO 80521<br>Phone Number: (970) 224-5678<br>Fax Number: (970) 224-1199<br>Atty. Reg. #: 15679 | |

## COMPLAINT

Plaintiff, the Leo Beeman (Beeman), by and through his attorneys, Willard & Pharris, P.C., for his Complaint, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Defendants Frederick S. Allison (Allison) and Ricky Bowman (Bowman) are residents of Larimer County, Colorado, and defendant New Frontier Bank (NFB) has its principal place of business in Weld County, Colorado.

2. Pursuant to C.R.C.P. 98, venue is proper in this Court.

3. Beeman had a banking relationship with NFB, where Allison worked as a loan officer. In 2001 and 2002, while employed at NFB, Allison induced Beeman into making an investment of approximately $126,000, which was to be used to acquire

EXHIBIT 1

distressed real property. Title to any property acquired with Beeman's money was to be placed in Beeman's name.

4. Beeman also had a certificate of deposit with NFB in the approximate amount of $70,000. Beeman deposited the money with NFB and was issued a certificate of deposit while Allison worked at NFB.

5. Allison used some part or all of Beeman's $126,000 to acquire real property in or near Drake, Colorado. Unbeknownst to Beeman, Allison forged Beeman's signature on loan documents, resulting in a loan against Beeman's certificate of deposit in the approximate amount of $54,000. Allison used this money without Beeman's knowledge or consent to further his own interests.

6. Allison and Bowman orchestrated a series of fraudulent transfers of the Drake real property, forging Beeman's signature on several deeds. It is not clear what interest Beeman has in this property presently or during any relevant time, and Beeman has initiated a quiet title action to clear title (Case No. 03CV1861).

## FIRST CLAIM FOR RELIEF
(Fraud and Deceit)

7. Beeman incorporates by reference the allegations contained in paragraphs 1 through 6 above.

8. Prior to Beeman's investment of $126,000, Allison represented to Beeman that he would receive a substantial return on his investment.

9. Beeman made the investment in reliance upon the defendant's representations.

10. Allison's representation to Beeman concerning the investment was material and false, and was made for the purpose of inducing Beeman to make the investment.

11. As a direct and proximate result of Allison's misrepresentation, Beeman has been damaged in an amount to be proven at trial.

12. Beeman is entitled to exemplary damages pursuant to C.R.S. §13-21-102.

WHEREFORE, Beeman requests that this Court award him the relief stated below.

### SECOND CLAIM FOR RELIEF
(Fraud and Deceit)

13. Beeman incorporates the allegations contained in Paragraphs 1 through 12 above.

14. Allison's actions in fabricating a loan against Beeman's certificate of deposit, forging Beeman's signature on loan documents, and using the loan proceeds to further Allison's own interests defrauded Beeman acted to deprive Beeman of the use and possession of his money.

15. As a direct and proximate result of Allison's actions, Beeman has been damaged in an amount to be proven at trial.

16. Beeman is entitled to exemplary damages pursuant to C.R.S. §13-21-102.

WHEREFORE, Beeman requests that this Court award him the relief stated below.

### THIRD CLAIM FOR RELIEF
(Fraud and Deceit)

17. Beeman incorporates the allegations contained in Paragraphs 1 through 16 above.

18. Allison and Bowman's actions in orchestrating fraudulent transfers and forging Beeman's signature on deeds was made for the purpose of depriving Beeman of property.

19. As a direct and proximate result of Allison and Bowman's actions, Beeman has been damaged in an amount to be proven at trial.

20. Beeman is entitled to exemplary damages pursuant to C.R.S. §13-21-102.

WHEREFORE, Beeman requests that this Court award him the relief stated below.

### FOURTH CLAIM FOR RELIEF
(Civil Conspiracy)

21. Beeman incorporates the allegations contained in Paragraphs 1 through 20 above.

22. Allison and Bowman's actions in orchestrating fraudulent transfers and forging Beeman's signature on deeds were unlawful, overt acts planned and carried out by Allison and Bowman for the purpose of depriving Beeman of property.

3

23. As a direct and proximate result of Allison and Bowman's actions, Beeman has been damaged in an amount to be proven at trial.

WHEREFORE, Beeman requests that this Court award him the relief stated below.

### FIFTH CLAIM FOR RELIEF
(Vicarious Liability)

24. Beeman incorporates the allegations contained in Paragraphs 1 through 23 above.

25. At all relevant times when Allison induced Beeman into making the investment of $126,000, Allison was employed by NFB. As Allison's employer, NFB had a duty to supervise Allison and ensure that his conduct was within the standards of the banking industry.

26. NFB knew or should have known that Allison had run afoul of banking industry standards in past positions with other banking organizations.

27. NFB breached its duty to Beeman by its failure to properly supervise Allison.

28. As a direct and proximate result of NFB's failure to properly supervise Allison, Beeman has been damaged in an amount to be proven at trial.

WHEREFORE, in accordance with the claims made above, Beeman requests that the Court:

   a. Award Beeman damages he proves at trial and the jury so finds against the defendants for fraud and deceit and vicarious liability;

   b. Award Beeman exemplary damages against the defendants pursuant to C.R.S. §13-21-102; and

   c. Award Beeman such other relief which this Court deems proper and just.

**BEEMAN DEMANDS A JURY TRIAL**

05/06/04 THU 16:15 FAX 970 339 5200   NEW FRONTIER BANK   ☒008

Dated this 26 day of April, 2004.

                      WILLARD & PHARRIS, P.C.

By: _____
    Randall M. Willard, #15679
    Attorneys for the Plaintiff
    315 W. Oak Street, Suite 501
    Fort Collins, Colorado 80521
    Telephone: (970) 224-5678

ADDRESS OF PLAINTIFF:

420 County Rd. 306
Durango, CO 81301

5