**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ALLISON, FREDERICK S. | ) | CASE NO. 20-13919-MER |
| Debtor | ) | Chapter 7 |
| | | |
| NAMASTE JUDGMENT ENFORCEMENT, LLC | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversarial Proceeding |
| FREDERICK S. ALLISON, Chapter 7 Debtor, | ) | Case No. 20-01256-MER |
| Defendant. | ) | |

**ANSWER**

The Defendant, Frederick S. Allison, by and through his attorney, Drew Moore, Answers the Complaint as follows:

**JURISDICTION AND VENUE**

1. Paragraph one of the Complaint is a legal conclusion not susceptible to being either admitted or denied.

2. Defendant admits paragraph two of the Complaint.

3. Paragraphs three through five are legal conclusions neither susceptible to being admitted or denied.

**INTRODUCTION TO PARTIES AND STATEMENT OF STANDING**

4. Defendant admits paragraph six of the Complaint to the extent he filed for Bankruptcy, but he believes the proper date was June 7, 2020, not June 6, 2020.

5. Defendant lacks enough information to admit or deny paragraph seven of the complaint.

6. Paragraph eight of the Complaint is a legal conclusion neither susceptible to being admitted or denied.

## GENERAL ALLEGATIONS

7. Defendant admits paragraphs nine and ten of the Complaint.

8. Defendant lacks sufficient information regarding Beeman's status as an assignor to answer paragraph 11. Defendant also lacks sufficient information as to the deposit of a CD, almost 20 years ago.

9. Defendant lacks sufficient information so as to admit or deny paragraph 12 of the Complaint, but does admit that there was a loan and that Defendant signed Beeman's name to the documents with Beeman's consent.

10. Defendant admits that he signed Beeman's signature, but denies that it was forgery and that fraud was involved.

11. Debtor admits paragraph 14 of the Complaint, but would once again note that consent from Beeman had been given.

12. Defendant lacks sufficient information so as to admit or deny paragraph 15 of the Complaint.

13. Defendant lacks sufficient information so as to admit or deny paragraph 16 of the Complaint.

14. Defendant admits paragraph 17 of Complaint. Defendant would note that this is a default judgment.

15. Defendant lacks sufficient information to admit or deny paragraph 18 of the Complaint, therefore denies the same.

16. Defendant admits in part, and denies in part, paragraph 19 of the Complaint.

Defendant admits that he was arrested and there was a criminal charge. But it did not involve Beeman.

17. Defendant admits in part and denies in part paragraph 20. Defendant admits he pled guilty to a felony but it was not based on the Beeman set of facts.

18. Defendant lacks sufficient information so as to admit or deny paragraph 21 of the Complaint, therefore denies the same.

19. Defendant lacks sufficient information so as to admit or deny paragraph 22 of the Complaint, therefore denies the same.

### FIRST CLAIM FOR RELIEF
**(Proceeding to Determine the Dischargeability of a Debt Pursuant to
11 U.S.C. §523(a)(2)(A) – Money, Property, Services, or an Extension, Renewal, or Refinancing of Credit, to the Extent Obtained by False Pretenses, a False Representation, or Actual Fraud, Other than a Statement Respecting the Debtor's or an Insider's Financial Condition)**

20. Paragraph 23 merely incorporates all prior paragraphs and is neither admitted nor denied.

21. Paragraph 24 of the Complaint is a legal conclusion neither susceptible to being admitted or denied.

22. Defendant denies paragraph 25 of the Complaint.

23. Defendant denies the legal conclusions of paragraph 26 of the Complaint, but admits that he did sign Beeman's signature, once again with Beeman's consent.

24. Paragraph 27 of the complaint is a legal conclusion neither susceptible to being admitted or denied.

### SECOND CLAIM FOR RELIEF
**(Proceeding to Determine the Dischargeability of a Debt Pursuant to
11 U.S.C. §523(a)(2)(B) - Use of a Statement in Writing)**

25. Paragraph 28 merely incorporates all prior paragraphs and is neither admitted nor

denied.

26. Paragraph 29 of the complaint is a legal conclusion neither susceptible to being admitted or denied.

27. Paragraph 30 of the complaint is denied.

### THIRD CLAIM FOR RELIEF
**(Proceeding to Determine the Dischargeability of a Debt Pursuant to 11 U.S.C. §523(a)(4) – Fraud or Defalcation while acting in a Fiduciary Capacity, Embezzlement, or Larceny)**

28. Paragraph 31 merely incorporates all prior paragraphs and is neither admitted nor denied.

29. Paragraph 32 of the complaint is a legal conclusion neither susceptible to being admitted or denied.

30. Defendant admits in part and denies in part paragraph 33 of the Complaint. Defendant admits that he worked as a lending officer where Beeman banked but denies the balance of paragraph 33.

31. Paragraph 34 of the complaint is a legal conclusion neither susceptible to being admitted or denied. To the extent this paragraph requires a factual response, Defendant denies the same. Defendant did have a criminal matter he was involved in Weld County and he was convicted of a felony, but Beeman was not a victim or involved in any fashion.

### FOURTH CLAIM FOR RELIEF
**(Proceeding to Determine the Dischargeability of a Debt Pursuant to 11 U.S.C. §523(a)(6) – Willful and Malicious Injury by Debtor to Another Entity or to the Property of Another Entity)**

32. Paragraph 35 merely incorporates all prior paragraphs and is neither admitted nor denied.

33. Paragraph 36 of the Complaint is a legal conclusion neither susceptible to being admitted or denied.

34. Paragraph 37 of the Complaint is denied.

35. Paragraph 38 of the Complaint is denied.

36. Paragraph 39 of the Complaint cannot be admitted or denied as Debtor cannot precisely understand the allegation and therefore denies the same.

## AFFIRMATIVE DEFENSES

37. This matter should be barred by latches.

38. Defendant denies all allegations of law, Colorado law speaks for itself, and this Defendant therefore denies the same.

39. Plaintiff's claim is barred by the doctrine of unclean hands.

40. Defendant denies any and all allegations not specifically addressed herein above.

41. Defendant reserves the right to amend his Answer to include additional defenses after the completion of discovery.

RESPECTFULLY SUBMITTED October 15th, 2020.

By: /s/ Drew Moore
Drew Moore, 23318
Attorney for Defendant
300 Main Street, Suite 101
Grand Junction, CO  81501-2404
(970) 256-9017

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing ANSWER on the person whose name and addresses are listed below on October 15th, 2020, by Email, U.S. First Class mail, postage prepaid as follows OR by use of the Court's electronic filing service:

Alison Goldenberg          *electronic filing
US Trustee
999 18th Street, Suite 1551
Denver, CO 80222

Jared Walters          *electronic filing

P.O. Box 804
Eagle, CO 81631

Jennifer C. Rogers         *electronic filing
Robert D. Lantz
Gabriele R. Fougner
4100 E. Mississippi Avenue, Ste. 410
Denver, Colorado 80246


Frederick S. Allison         ** Email

                                         /s/  Drew Moore